1  BARRY J. PORTMAN
   Federal Public Defender
2  NED SMOCK
   Assistant Federal Public Defender
3  555 - 12th Street
   Suite 650
4  Oakland, CA 94607-3627
   Telephone: (510) 637-3500
5
   Counsel for Defendant KOHSE
6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,       )   No. CR-08-0111 DLJ
                                     )
12 |              Plaintiff,         )   **Defendant's Sentencing Memorandum**
                                     )
13 | vs.                             )
                                     )
14 | ERNST KOHSE,                    )
                                     )
15 |              Defendant.         )
     _____)
16

17       Ernst Kohse will be before the Court for judgment and sentencing on August 8, 2008.

18 The parties reached a negotiated settlement in this case. Mr. Kohse entered a plea of guilty

19 pursuant to Rule 11(c)(1)(C) with a stipulated sentence of 30 months incarceration. The

20 government has filed a sentencing memorandum consistent with that plea agreement

21 recommending 30 months. United States Probation joins in this recommendation. The agreed-

22 upon sentence is within the advisory guidelines and is reasonable in light of the factors set forth

23 in 18 U.S.C. § 3553(a).

24       The defense objects to one recommendation in the Probation Report; namely

25 recommended supervised release special condition number 3, which requires Mr. Kohse to

26 "abstain from the use of all alcoholic beverages." 18 U.S.C. § 3583 governs the court's ability to

Def's Sent. Memo                          1

1  impose conditions of supervised release.  The Ninth Circuit has explained that "[u]nder this

2  statutory scheme, ... conditions of supervised release 'are permissible only if they are reasonably

3  related to the goal of deterrence, protection of the public, or rehabilitation of the offender'" and

4  "involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of

5  supervised release." *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).   This

6  determination must be an "individualized" one based on "the nature and circumstances of the

7  offense and the history and characteristics of the defendant." *Id.*   "The requirement of

8  individualization leaves no room for blanket policies applicable without individualized

9  consideration regarding discretionary conditions." *United States v. Betts*, 511 F.3d 872, 878 (9th

10  Cir. 2007).  The *Betts* court explained:

> The statute permits a discretionary supervised release condition to be imposed only "to the extent that such condition ... involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in sections 3553(a)(2)(B), (C), and (D).  Moderate consumption of alcohol does not rise to the dignity of our sacred liberties, such as freedom of speech, but the freedom to drink a beer while sitting in a recliner and watching a football game is nevertheless a liberty people have, and it is probably exercised by more people than the liberty to publish a political opinion.

*Id.* at 880.

Here, the defense is not objecting to the <u>drug</u> testing and treatment condition because there is individualized support for that condition in the record.  Many of Mr. Kohse's priors relate to possession of narcotics.  However, there is no indication that <u>alcohol</u> played a role in Mr. Kohse's crime or that he has had past problems with alcohol.  *Compare United States v. Miller,* 549 F.2d 105, 107 (9th Cir.1976) (upholding alcohol condition because "[i]nasmuch as Miller's previous history was indicative to the [t]rial [j]udge that alcohol was a substantial contributing factor to his legal transgressions the imposition of the condition is certainly protective of the public interest" and may help to rehabilitate the offender by ending his addiction

to alcohol); *United States v. Maciel-Vasquez,* 458 F.3d 994, 996 (9th Cir.2006) (upholding no alcohol condition because record showed that the defendant had a prior conviction for driving under the influence, a prior arrest for possession of an open bottle of alcohol, and a history of drug abuse).   It cannot be said that a condition completely barring any consumption of alcohol bears a reasonable relationship to rehabilitating the offender, protecting the public, or providing adequate deterrence in this case.   While on supervised release, Mr. Kohse may want to drink a beer while watching a sporting event or drink a glass of wine during dinner.  Forbidding him from doing so during his term of supervised release amounts to a greater deprivation of liberty than necessary.  The defense asks that the condition be removed.

Dated: August 2, 2008

                                              Respectfully submitted,

                                              BARRY J. PORTMAN
                                              Federal Public Defender

                                              /s/ Ned Smock

                                              NED SMOCK
                                              Assistant Federal Public Defender